Charles Coleman, receiver, plaintiff in error, vs. William L. Salisbury et al., assignee, defendant in error.

Money was raised by sheriff's sale under attachments, and in June, 1872, was, by order of court, deposited with John King, banker, upon condition that said King hold the same subject to the order of the court, and that he pay interest upon the same at the rate of seven per cent. as long as said money is in his hands. In May, 1873, King becoming insolvent, made an assignment for the benefit of his creditors, of all his property, including an amount of money greater than the sum so deposited with him ; all of which was taken in possession by the as-

Coleman *vs.* Salisbury *et al.*

signees. In May, 1874, a receiver was appointed for the fund so raised by the sheriff and deposited with King. At the same term of his appointment the receiver brought a rule requiring the assignees of King to pay the amount so deposited with the said King into court, for the purpose of distribution among the claimants of said fund :

*Held*, that the court committed no error in refusing the rule.

Receiver. Assignment. Deposit. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1874.

The facts of this case are fully stated in the above headnote.

H. L. BENNING ; M. H. BLANDFORD, for plaintiff in error.

PEABODY & BRANNON, for defendants.

TRIPPE, Judge.

What right the plaintiff in error may have in the distribution of the assets in the hands of the assignees, is not the question before us. If he has a priority over the general creditors, he can assert it. But we do not think that the order of the court directing the money to be deposited with John King, upon condition that he pay seven per cent. thereon as long as it is in his hands, constitutes him a receiver, so that his assignees are subject to a rule for its payment to the receiver now appointed. We will not say that a receiver may not be appointed upon such terms as would bind him, under the law holding him as an officer of court, to pay the interest and at the same time be subject to the usual rules that may issue against receivers.

But the terms of the order having this effect, should be explicit and accepted accordingly. This order falls short of that, and the court was not in error in refusing to compel the assignees of a banker, with whom money was deposited as this was, to summarily pay it to a receiver subsequently appointed, or upon refusal or inability so to do, to be liable themselves to be attached.

Judgment affirmed.